UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BRANDON MOORE<br><br>　　　　　Defendant. | CASE NUMBER: 2:14CR112-004<br>USM Number: 14006-027<br><br><br>PAUL G STRACCI<br>DEFENDANT'S ATTORNEY |

## JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to counts 1 and 3 of the Superseding Indictment on 4/20/2015.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:1029(a)(1)  Conspiracy to Commit the Crime of Using Counterfeit Access Device and Forfeiture Allegation | December 2, 2014 | 1s |
| 18:1028A(a)(1)  Aggravated Identity Theft | December 2, 2014 | 3s |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count 2 of the Superseding Indictment is dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

| |
|---|
| November 18, 2015 |
| Date of Imposition of Judgment |
| /s/ Rudy Lozano |
| Signature of Judge |
| Rudy Lozano, United States District Judge |
| Name and Title of Judge |
| December 4, 2015 |
| Date |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **61 months.** This consists of a term of 37 months as to Count 1 and a term of 24 months as to Count 3 of the Superseding Indictment, to be served consecutively.

The Court makes the following recommendations to the Bureau of Prisons:

    That the defendant participate in the Intensive Drug/Alcohol Rehabilitation Program.

    That the defendant be incarcerated in a federal facility as close to Chicago, Illinois as possible.

    Defendant be given credit for time served.

    That the defendant be placed in a facility where he can participate in a job skills training program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

    Defendant delivered _____ to _____ at _____, with a certified copy of this judgment.

                                            _____
                                            UNITED STATES MARSHAL

                                By: _____
                                         DEPUTY UNITED STATES MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a total term of **2 years.** This consists of a term of 2 years as to Count 1 and a term of 1 year as to Count 3 of the Superseding Indictment, to be served concurrently with each other.

*While the defendant is on supervised release pursuant to this Judgment, the defendant shall comply with the following mandatory conditions:*

**Mandatory Conditions of Supervision**

1. Defendant shall not commit another federal, state or local crime.

2. Defendant shall not purchase, possess, use, distribute, or administer any controlled substance or illegal mood altering substance.

3. Defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on probation or supervised release and at least 2 periodic drug tests thereafter as determined by the court for use of a controlled substance. This condition may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable sentencing information indicates a low risk of future substance abuse by the defendant.

4. Defendant shall cooperate in the collection of DNA as directed by the probation officer.

**Discretionary Conditions of Supervision**

1. Defendant shall not knowingly leave this judicial district without permission of the court or probation officer. (*This condition is imposed to provide public protection, defendant rehabilitation, and to enable the probation officer to keep informed of defendant's conduct, location, condition, and compliance with conditions of supervision.*)

2. Defendant shall report to the probation officer in the manner and as frequently as directed by the court or probation officer and shall submit a truthful and complete written report within the first 5 days of each month. This condition does not prevent the defendant from invoking his Fifth Amendment privilege against self-incrimination. *(This condition is imposed to provide public protection, defendant rehabilitation, probation officer and defendant safety, and to enable the probation officer to keep informed of defendant's conduct, location, condition, and compliance with conditions of supervision.)*

3. Defendant shall follow the instructions of the probation officer as they relate to his compliance with the conditions of supervision; in addition, the defendant shall answer truthfully any inquiries by the probation officer concerning his compliance with the conditions of supervision. This condition does not prevent the defendant from invoking his Fifth Amendment privilege against self-incrimination. (*This condition is imposed to provide public protection, defendant rehabilitation, and compliance with conditions of supervision*.)

5. Defendant shall work at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons such as child care, elder care, disability, age, or serious health condition. *(This condition is imposed to provide defendant rehabilitation and to reduce the risk of recidivism. Post conviction risk assessment research indicates that gainful employment reduces the risk of recidivism and promotes pro-social relationships which are conducive to a law-abiding lifestyle.)*

6. Defendant shall notify the probation officer at least 10 days before any voluntary change of residence or employer. If defendant is involuntarily terminated from employment or evicted from a residence, he must notify the probation officer within 48 hours. *(This condition is imposed to provide public protection, probation officer safety, and defendant rehabilitation.)*

8. Defendant shall not knowingly go to places where controlled substances or illegal mood-altering substances are unlawfully sold, used, distributed or administered. *(This condition is imposed to provide public protection and defendant rehabilitation. Defendant has a history of unlawful possession, use, or distribution of controlled substances and/or illegal mood-altering substance. Post conviction risk assessment research indicates that going to such places increases the risk of recidivism and promotes anti-social relationships which are not conducive to a law-abiding lifestyle.)*

9. Defendant shall not meet, communicate, or otherwise interact with a person whom he knows to be in engaged, or planning to be engaged, in criminal activity. *(This condition is imposed to provide public protection and defendant rehabilitation. Post conviction risk assessment research indicates that associating with persons engaged in criminal activity increases the risk of recidivism and promotes anti-social relationships which are not conducive to a law-abiding lifestyle.)*

10. Defendant shall permit a probation officer to visit him between the hours of 6:00 a.m. and 11:00 p.m., at home or elsewhere. If defendant is placed on home detention with location monitoring equipment and the monitoring service alerts probation that either the monitoring equipment has malfunctioned or defendant is in noncompliance, home visits may be conducted by the probation officer at any time to ensure that the location monitoring equipment is properly working and that defendant is in compliance with his/her home detention condition. *(This condition is imposed to assist defendant in maintaining a law-abiding lifestyle and to enable the probation officer to make community contacts and keep informed of defendant's conduct, location, condition, and compliance with conditions of supervision.)* Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. (This condition is imposed to provide public protection and defendant rehabilitation and to enable the probation officer to keep informed of defendant's conduct, condition, and compliance with conditions of supervision.)

11. Defendant shall notify the probation officer within 72 hours of any change in his personal economic circumstances that might affect the defendant's ability to pay any court ordered financial obligation. *(This condition is imposed to provide defendant rehabilitation and to enable the probation officer to ensure that defendant is meeting his court ordered financial obligations.)*

16. Defendant shall not incur new credit charges or open additional lines of credit or other financial accounts without the prior approval of the probation officer. *(This condition is imposed to enable the probation officer to assist defendant in managing his finances, and to ensure that defendant is meeting court ordered financial obligations.)*

17. Defendant shall provide the probation officer any and all requested financial information, including copies of state and federal tax returns. *(This condition is imposed to enable the probation officer to assist defendant in managing his finances, and to ensure that defendant is meeting court ordered financial obligations.)*

19. Defendant shall not seek or maintain employment that includes unsupervised financial or fiduciary-related duties, without the prior approval of the probation officer. *(Defendant's offense of conviction is for fraud. This condition is imposed to reduce the risk of recidivism, to provide public protection, and to provide defendant rehabilitation.)*

20. Defendant shall not transfer, give away, sell or otherwise convey any asset valued at more than $500.00 without the prior approval of the probation officer. *(This condition is imposed to provide defendant rehabilitation, to enable the probation officer to assist defendant in managing his finances, and to ensure that defendant is meeting court ordered financial obligations.)*

21. The defendant shall participate in a substance abuse treatment program and comply with all program requirements and restrictions, (which may include testing for the detection of alcohol, controlled substances, or illegal mood-altering substances.) The defendant shall pay the costs of this rehabilitative treatment if financially able to do so. *(Defendant has a history of substance abuse. This condition is imposed to provide defendant with available treatment services to reduce the risk of recidivism, to provide defendant rehabilitation, and to provide public protection.)*

26. Beginning within 60 days of placement on supervision and if not gainfully employed, the defendant shall perform not less than 20 hours of community service each week, participate in a job skill training and counseling program, and search each day for gainful employment, all as approved and directed by the probation officer. The defendant shall pay the cost of the job skill training and counseling program if financially able to do so. *(This condition is imposed to provide defendant rehabilitation, a legitimate means of support, and a sense of purpose. Post conviction risk assessment research indicates that gainful employment and community service reduces the risk of recidivism and promotes pro-social relationships which are conducive to a law-abiding lifestyle.)*

33. Defendant shall not enter into any agreement with the government to act as a confidential informant for a law enforcement agency unless granted permission to do so by a Judicial Officer. *(Contact with persons engaged in criminal activity and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the conditions of no new offenses and criminal associations, which are risk factors for recidivism. This condition is imposed to reduce the risk of recidivism, to provide defendant and probation officer safety, and*

to enable the probation officer to keep informed of defendant's conduct, location, condition, and compliance with conditions of supervision.)

34. Within 72 hours of placement on supervision after release from the custody of the Bureau of Prisons, defendant shall report in person to the nearest supervision unit of the United States Probation Office for this district between the hours of 8:00 a.m. and 4:30 p.m. *(This condition is imposed to enable the probation officer to remind defendant of his conditions of supervision; to determine whether to recommend to the court modification or deletion of one or more of those conditions in light of any changed circumstances brought about by the defendant's experiences in prison; and to determine what, if any, (additional) discretionary conditions should be recommended to the Court for adoption and imposition.)*

35. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Defendant is a convicted felon and prohibited from possessing a firearm and ammunition. The defendant should also be prohibited from possessing a dangerous weapon to protect the community and for officer safety. A dangerous weapon is an instrument that is specially designed as a weapon.)*

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200.00 | NONE | $289,886.00 |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of $289,886.00 is hereby imposed.

The defendant shall make restitution payments (including community restitution, if applicable) payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320, for the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| American Express | $289,886.00 | $289,886.00 | |
| **Totals** | $289,886.00 | $289,886.00 | |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## FORFEITURE

The defendant shall forfeit the defendant's interest in the following property to the United States:

**Mastercard 5428 3720 4207 3268**
**Mastercard 5428 3720 3876 9283**
**VISA 4034 4649 1396 4086**
**VISA 4034 4699 4947 1402**
**VISA 4034 4651 0551 6881**
**VISA 4034 4695 7323 2492**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

  Lump sum payment of $290,086.00 due immediately.

Special instructions regarding the payment of criminal monetary penalties:

The defendant may also make payments for his or her financial obligations imposed herein from any wages he or she may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program, although participation in that program is voluntary. The defendant should note that failure to participate in the Financial Responsibility Program while incarcerated may result in the denial of certain privileges to which he or she might otherwise be entitled while imprisoned, and that the Bureau of Prisons has the discretion to make such a determination. Any portion of the defendant's financial obligations not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The restitution amount shall be paid joint and several with the following co-defendants.

| | |
|---|---|
| Tandika Jackson | 2:14cr112-1 |
| Darius Raine | 2:14cr112-2 |
| Dejuan Raine | 2:14cr112-3 |

The imposed payment schedule will remain in effect until such time as the Court is notified by the defendant, victim, or government that there has been a material change in the defendant's ability to pay.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Name: <u>BRANDON MOORE</u>
Docket No.:<u>2:14CR112-004</u>

# ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____         _____
Defendant                                                              Date


_____         _____
U.S. Probation Officer/Designated Witness                 Date